UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| GEORGE CRAIG, | : |
| Plaintiff, | : |
| | : PRISONER |
| V. | : Case No. 3:10-CV-646 (RNC) |
| BRIAN MURPHY, ET AL., | : |
| Defendants. | : |

ORDER

Plaintiff, a Connecticut inmate proceeding pro se and in forma pauperis, brings this action for damages and injunctive relief against a former Commissioner of the Department of Correction and an individual identified as a commissary supervisor. For reasons explained below, this Court does not have jurisdiction over the claim in the complaint, which must therefore be dismissed.

Pursuant to 28 U.S.C. § 1915A, the Court must review prisoner civil complaints against governmental actors "as soon as practicable after docketing," and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."

A pro se complaint is adequately pleaded if its allegations, liberally construed, support a claim for relief. Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005). The Court must assume the truth of the allegations and interpret them liberally to

"raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

Plaintiff alleges that the DOC has repackaged bulk items neither intended nor labeled for individual sale, such as bars of soap and packets of instant milk, and sold them to inmates. He claims that this violates state law prohibiting unfair trade practices.[1] Having exhausted administrative remedies, he brings this suit seeking injunctive relief and damages against each defendant in the amount of $500.

Generally speaking, a federal court does not have jurisdiction to hear a case unless the case (1) is based on federal law or (2) is between citizens of different states and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1331 (federal question jurisdiction) and § 1332 (diversity of citizenship jurisdiction). The burden is on the plaintiff to include in the complaint allegations showing that the court has jurisdiction.

Here, the complaint contains no allegations showing that this Court has jurisdiction over the plaintiff's claim and it is apparent from the allegations of the complaint that jurisdiction is lacking. The complaint invokes state law, not federal law; there is no indication that the parties are citizens of different

---

[1] The complaint cites Conn. Gen. Stat. § 42-115, which has been repealed and replaced by § 42-110b.

2

states; and the amount in controversy appears to be much less than $75,000.

Accordingly, the complaint (doc. 2) is hereby dismissed without prejudice for lack of subject matter jurisdiction. The Clerk may enter judgment and close the file.

So ordered this 4th day of February 2011.

                                              /s/ RNC

                                              Robert N. Chatigny
                                     United States District Judge